IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> AERON MICHAEL DAVIS, <br><br> Defendant. | Case No. 3:19-CR-30019-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Compassionate Release (Doc. 90) filed by Defendant Aeron Michael Davis. For the reasons set forth below, the Court denies the Motion.

In 2019, Davis entered a guilty plea on charges related to trafficking methamphetamine and possessing a firearm as a felon, and he was sentenced to a term of 50 months' imprisonment, three years of supervised release, a fine of $400, and a special assessment of $200 (Docs. 46, 65). Davis entered his plea pursuant to a written plea agreement in which he waived his right to seek "modification of" his sentence (Doc. 47).

Davis filed his motion for compassionate release on November 10, 2020, arguing that his health issues and family circumstances present extraordinary and compelling reasons justifying compassionate release (Doc. 90). The Government opposes the motion, arguing that the broad waiver language in Davis's plea agreement bars him from seeking

compassionate release (Doc. 97).

As this Court and other Courts in this circuit have held, broad waiver language in a plea agreement prohibiting "modification" of a sentence prevents future motions for compassionate release, even where such language was agreed to before the passage of the First Step Act. *United States v. Rodas*, 719 F. App'x 528 (7th Cir. 2018); *United States v. Soto-Ozuna*, 618 F. App'x 527 (7th Cir. 2017). On the other hand, where waiver language is more narrow and merely discusses "contesting" a sentence, compassionate release is not covered, as a motion for compassionate release does not impugn a sentence as it was originally imposed but merely argues that subsequent circumstances weigh in favor of revising and modifying that sentence. *See United States v. Hicks*, 11-cr-30207, Doc. 140 at 3-4 (S.D. Ill. Aug. 4, 2020) (citing *United States v. Monroe*, 580 F.3d 552, 555–59 (7th Cir. 2009)).

In this instance, the language of Davis's plea agreement is broadly worded and does not limit the waiver provision to attempts to contest or collaterally attack his sentence. Davis has waived the right to seek any modification of his sentence, and this includes a motion for compassionate release.

The Motion for Compassionate Release (Doc. 90) is **DENIED**.

**IT IS SO ORDERED.**

DATED:   February 16, 2021

*[signature: Nancy J. Rosenstengel]*

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**